LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAVITA SEEMANGAL, | : |
| Plaintiff, | : |
| | : **COMPLAINT** |
| -against- | : |
| | : *Jury Trial Demanded* |
| CELLCO PARTNERSHIP d/b/a. VERIZON WIRELESS | : |
| Defendants. | : |

Plaintiff, KAVITA SEEMANGAL ("Plaintiff"), by and through her counsel, Peter A. Romero, Esq., complaining of the Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, (hereinafter "Defendant" or "Verizon"), alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action to recover damages for predatory sexual harassment by her supervisor, discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (hereinafter "Title VII"), the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA"), N.Y. Executive Law §290 et seq. (hereinafter ("State Human Rights Law"), and the Administrative Code of the City of New York, §8-101 et seq. (hereinafter "City Human Rights Law").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. This action properly lies in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391 because the unlawful discriminatory conduct occurred within this judicial district.

4. Prior to commencing this action, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2017-02214.

5. On November 8, 2017, the EEOC issued a Dismissal and Notice of Right to Sue.

6. Plaintiff commenced this action within ninety (90) days of the receipt of the Notice of the Right to Sue attached hereto as Exhibit "A."

7. Pursuant to §8-502(c) of the City Law, a copy of this complaint will be served on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

## PARTIES

8. Plaintiff is a female resident of the State of New York.

9. Upon information and belief, Defendant provides wireless voice and data services and related equipment to consumers and business customers; is the nation's leading provider of wireless communications in terms of the number of subscribers, network coverage, revenues and operating income; and has the largest wireless network in the United States.

## FACTUAL ALLEGATIONS

10. Plaintiff is a United States citizen who was born in Guyana and immigrated to the United States when she was sixteen years old.

11. Plaintiff commenced employment with Verizon in or about November 2010.

12. Plaintiff's first position with Verizon was in the customer call center.

13. The customer call center workforce was dominated by male employees. Of approximately 180 employees who worked in the customer call center, only 20 or so were female. Notably, every manager in the customer call center was male.

14. Almost every shift, Plaintiff was forced to endure discriminatory conduct that included unwelcome physical touching, sexual comments, inquiries and references to sexually oriented activities. Plaintiff's manager, Solomon Bashir ("Bashir"), asked her daily to perform oral sex and other sexual favors.

15. Plaintiff rebuffed Bashir each time he made such a request. She objected when Bashir made these comments and told him that his conduct offended her. Despite Plaintiff's clear and repeated objections, Bashir reiterated his request daily.

16. In 2014, Plaintiff applied for the inventory specialist position. She was interviewed and subsequently hired for the position by operations manager, Foad Shahbazi ("Shahbazi").

17. In or about April 2014, Plaintiff began working in the inventory specialist position at 555 West 37th Street, New York, New York reporting to Shahbazi.

18. Upon information and belief, Shahbazi participated in the Verizon Leadership Development Program ("VLDP"). Participants in the VLDP rotate through various positions to gain leadership experience and enjoy unique opportunities for career advancement.

19. Shahbazi used the power attendant to his VLDP position to achieve satisfaction of his sexual desires. For example, Shahbazi threatened to terminate Plaintiff's employment if she denied his sexual advances. He constantly reminded Plaintiff that he had hired Plaintiff for her position and admonished Plainitff that if he ever needed to reduce staff in inventory, that she would be "the first to go." Shahbazi constantly told Plaintiff that Defendant's Director of Operations and the Executive Director would shield him from actions based on employee complaints.

20. Alternatively, Shahbazi promised Plaintiff that he would take her with him as he advanced through the positions in the VLDP, and assured Plaintiff that she would be promoted, provided that she satisfy his requests for sex.

21. In or about May 2014, Plaintiff attended a meeting for inventory personnel in New Jersey. During dinner, Shahbazi pawed all over Plaintiff, which caused her great embarrassment and humiliation.

22. After dinner, Plaintiff went to her hotel room to retire for the evening. Later that night, at approximately 10:00 p.m., Shahbazi came to Plaintiff's room intoxicated and made sexual advances toward her. Plaintiff yielded to Shahbazi's request for sex because she was afraid that her employment would be terminated if she refused him.

23. For many weeks after the incident, Shahbazi displayed a hostile demeanor toward Plaintiff. For example, he called Plaintiff "stupid" in meetings with other employees.

24. Shahbazi constantly reminded Plaintiff, "I brought you into this department, I can fire you too." He repeatedly cautioned Plaintiff, "I can always fire you."

25. In or about September 2014, Shahbazi asked Plaintiff to come to his house. Afraid of reprisal if she rejected Shahbazi's request, Plainitff yielded again to his request for sex.

26. In or about October 2015, Plaintiff told Shahbazi that she would not continue to have sex with him.

27. In December 2015, at the company holiday party, Shahbazi and Plaintiff argued publicly because he demanded that she go home with him after the party.

28. After Plaintiff refused to have sex with Shahbazi he told Plaintiff that he was going to promote another female employee, Florencia Rivas ("Rivas"). In or about July 2016, Shahbazi promoted Rivas from supervisor to manager.

29. On February 24, 2017, Plaintiff sent an email to Shahbazi informing him that she was pregnant. Plaintiff sent a copy of the email to Michele White, Executive Director ("White").

30. In the last week of February 2017, Plaintiff applied for pregnancy-related intermittent leave under the Family and Medical Leave Act, which was approved in March 2017.

31. On or about March 1, 2017, Plaintiff received a call from human resources personnel, Dawn Colletti ("Colletii"), who had received a copy of her February 27, 2017 email. During the call, Plaintiff reported to Colletti in extensive detail the nature and incidences of the sexual harassment and discriminatory conduct of Solomon and Shahbazi.

32. Verizon failed to timely take corrective action against Shahbazi. Instead, on April 6, 2017, Verizon informed Plaintiff her employment was being terminated effective May 5, 2017.

33. Based on the foregoing, Plaintiff was subject to discrimination in the terms, conditions and privileges of her employment and to unlawful retaliation.

### FIRST CLAIM FOR RELIEF
### (TITLE VII DISCRIMINATION)

34. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Plaintiff was discriminated against on the basis of her sex in violation of Title VII.

36. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

37. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

38. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## (TITLE VII RETALIATION)

39. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendant retaliated against Plaintiff in violation of Title VII.

41. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

42. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

43. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
## (TITLE VII PREGNANCY DISCRIMINATION)

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff has been discriminated against on the basis of her pregnancy in violation of Title VII.

46. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

## FOURTH CLAIM FOR RELIEF
## (FMLA RETALIATION)

47. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

48. By the aforementioned actions, Defendant has retaliated against Plaintiff for exercising her rights under the FMLA in violation of 29 U.S.C. §2615.

49. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

## FIFTH CLAIM FOR RELIEF
## (STATE HUMAN RIGHTS LAW)

50. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff has been discriminated against on the basis of her sex in violation of the State Human Rights Law.

52. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

53. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### (STATE HUMAN RIGHTS LAW)

54. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendant retaliated against Plaintiff in violation of the State Human Rights Law.

56. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

57. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### (STATE HUMAN RIGHTS LAW)

58. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendant discriminated against Plaintiff on the basis of pregnancy in violation of the State Human Rights Law.

60. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

61. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
### (STATE HUMAN RIGHTS LAW)

62. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendant discriminated against Plaintiff on the basis of disability in violation of the State Human Rights Law.

64. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

65. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF
### (CITY HUMAN RIGHTS LAW)

66. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Plaintiff has been discriminated against on the basis of her sex in violation of the City Human Rights Law.

68. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

69. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF
### (CITY HUMAN RIGHTS LAW)

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendant retaliated against Plaintiff in violation of the City Human Rights Law.

72. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

73. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF
### (CITY HUMAN RIGHTS LAW)

74. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendant discriminated against Plaintiff on the basis of pregnancy in violation of the City Human Rights Law.

76. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

77. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## TWELVTH CLAIM FOR RELIEF
### (CITY HUMAN RIGHTS LAW)

78. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendant discriminated against Plaintiff on the basis of disability in violation of the City Human Rights Law.

80. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

81. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## DEMAND FOR A JURY TRIAL

82. Plaintiff demands a trial by jury as to all issues in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Reinstatement to employment;

(iii.) Front pay in lieu of reinstatement;

(iv.) Compensatory damages for mental anguish and emotional distress;

(v.) Punitive damages;

(vi.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(viii) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
November 17, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: _____/s/_____
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Kavita Seemangal<br>301 East 196th Street<br>Bronx, NY 10458 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-02214 | Ashraf Ahmed,<br>Investigator | (212) 336-3781 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*/s/ Kevin Berry*   11/8/2017
Kevin J. Berry,   (Date Mailed)
District Director

Enclosures(s)

cc: Natasha Campbell
Director - HR Compliance
VERIZON
One Verizon Way - 34W453
Basking Ridge, NJ 07920

Peter A. Romero, Esq.
LAW FIRM OF PETER A. ROMERO
103 Cooper Street
Babylon, NY 11702